1
2
3
4
5
6
7                    **UNITED STATES DISTRICT COURT**

8                   **SOUTHERN DISTRICT OF CALIFORNIA**

9

10  FASTVDO LLC,                              Consolidated Case No.:  3:16-cv-00385-
                                             H-WVG
11                          Plaintiff,        **LEAD CASE**

12
                                             Member Cases:
13  v.                                       3:16-cv-00386-H-WVG
                                             3:16-cv-00394-H-WVG
14                                           3:16-cv-00395-H-WVG
15  AT&T MOBILITY LLC, et al.,               3:16-cv-00396-H-WVG

16                          Defendants.

17                                           **ORDER ADMINSTRATIVELY
                                             CLOSING THE CONSOLIDATED**
18                                           **ACTION**

19
    FASTVDO LLC,                             Case No.:  3:16-cv-02499-H-WVG
20
                            Plaintiff,
21                                           **ORDER ADMINSTRATIVELY
                                             CLOSING THE ACTION**
22  v.

23

24  LG ELECTRONICS MOBILECOMM
25  U.S.A., INC.,

26                          Defendant.

27

28

On June 2, 2015, Plaintiff FastVDO LLC filed several complaints for patent infringement against Defendants Apple Inc., Samsung,[1] LG,[2] Huawei,[3] and ZTE (USA), Inc., among others,[4] in the United States District Court for the Eastern District of Texas, alleging infringement of U.S. Patent No. 5,850,482. (Doc. No. 1, Compl; 16-cv-386-Doc. No. 1; 16-cv-390-Doc. No. 1; 16-cv-394-Doc. No. 1; 16-cv-395-Doc. No. 1; 16-cv-396-Doc. No. 1.)[5] On September 28, 2015, Plaintiff filed an amended complaint against Defendants Apple and AT&T. (Doc. No. 32.) On January 29, 2016, the Eastern District of Texas court consolidated the actions for all pretrial issues, except venue. (Doc. No. 58.)

On February 11, 2016, the Eastern District of Texas court granted the parties' joint motion to transfer venue and transferred the consolidated action from the Eastern District of Texas to the Southern District of California. (Doc. Nos. 74, 75.) On February 18, 2016, the cases were transferred to the calendar of the Honorable Marilyn L. Huff. (Doc. No. 77.) On February 29, 2016, FastVDO served Defendants with its notice of asserted claims. (See Doc. No. 70; Doc. No. 242 at 11.)

On June 16, 2016, Apple filed a petition for *inter partes* review with the Patent Trial

---

[1] Defendant "Samsung" refers to Samsung Electronics America, Inc. and Samsung Electronics Co., Ltd.

[2] Defendant "LG" refers to LG Electronics, Inc. and LG Electronics U.S.A., Inc.

[3] Defendant "Huawei" refers to Huawei Technologies Co., Ltd., Huawei Device Co., Ltd., Huawei Technologies USA, Inc., Huawei Device USA, Inc., and Futurewei Technologies, Inc.

[4] On September 9, 2015, the Eastern District of Texas Court dismissed Defendant Dell, Inc. without prejudice. (16-cv-395-Doc. No. 31.) On April 29, 2016, the Court dismissed Defendants NEC Corporation and NEC Corporation of America with prejudice. (Doc. No. 132.) On October 21, 2016, the Court dismissed Defendants AT&T Mobility LLC and AT&T Services, Inc. without prejudice. (Doc. No. 199.) On January 6, 2017, the Court dismissed Defendant Microsoft Mobile Inc. with prejudice. (Doc. No. 235.) Apple, Samsung, LG, Huawei, and ZTE remain as the current defendants in Consolidated Case No. 16-cv-385.

[5] All docket citations in this order are to the docket in Case No. 16-cv-385 unless otherwise noted in the citation.

and Appeal Board, challenging the validity of all of the asserted claims of the '482 patent. (Doc. No. 217-2, Cappella Decl. Ex. A.) On June 16, 2016, Microsoft and Samsung also filed a petition for *inter partes* review with the Patent Trial and Appeal Board, challenging the validity of four of the six asserted claims. (Id. Ex. B.)

On December 16, 2016, the PTAB granted Apple's petition, granted Microsoft and Samsung's petition, and instituted *inter partes* review of the '482 patent. (Doc. No. 217-2, Cappella Decl. Exs. C, D.) On January 23, 2016, the Court granted Defendants' motions to stay and stayed the present actions – Case Nos. 16-cv-385, 16-cv-386, 16-cv-394, 16-cv-395, 16-cv-396, and 16-cv-2499 – pending the IPR proceedings. (Doc. No. 269.)

On December 11, 2017, the PTAB issued a final written decision pursuant to 35 U.S.C. § 318(a) and 37 C.F.R. § 42.73 in IPR 2016-01179, ordering that claims 1-3, 5, 6, 12-14, 16, 17, and 28 of the '482 patent are unpatentable. (Doc. No. 281-1, Ex. 1.) On December 11, 2017, the PTAB also issued a final written decision in IPR 2016-01203, ordering that claims 1-3, 5, 7-10, 12-14, 16, 22-25, 28, and 29 are unpatentable. (Doc. No. 281-2, Ex. 2.) On December 18, 2017, the parties filed a joint status report informing the Court of the PTAB's decisions. (Doc. No. 281.)

On January 16, 2018, the Court held a telephonic status hearing regarding the PTAB decisions. Marc A. Fenster appeared for FastVDO. Brian E. Ferguson appeared for Apple. Nicholas H. Lee appeared for Samsung. Alex Chachkes appeared for LG. Peter Wied appeared for Huawei. Timothy A. Horton appeared for ZTE. During the telephonic hearing, Plaintiff FastVDO stated that it intends to appeal both of the PTAB decisions to the Federal Circuit. Nevertheless, the Court, exercising its sound discretion, concludes that under these circumstances, it is appropriate to administratively close the actions pending the outcome of FastVDO's appeals to the Federal Circuit. At the telephonic hearing, each party stated that it did not object to the Court's decision to administratively close the case.

Accordingly, the Court directs the Clerk to administrative close Consolidated Case No. 16-cv-385 and Member Case Nos. 16-cv-386, 16-cv-394, 16-cv-395, and 16-cv-396, and Related Case No. 16-cv-2499. The parties must file a joint status report within seven

days from the date of any Federal Circuit decision regarding the PTAB proceedings. Upon completion of the appeals before the Federal Circuit, the parties may move to reopen the case, if necessary and as permitted by law, and provide suggestions to the Court on how to proceed in the actions.

**IT IS SO ORDERED.**

DATED: January 16, 2018

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT