# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FASTVDO LLC,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>AT&T MOBILITY LLC, et al.,<br><br>　　　　　　　Defendants. | Consolidated Case No.: 3:16-cv-00385-H-WVG<br>**LEAD CASE**<br><br>Member Cases:<br>3:16-cv-00386-H-WVG<br>3:16-cv-00394-H-WVG<br>3:16-cv-00395-H-WVG<br>3:16-cv-00396-H-WVG<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS FOR JUDGMENT ON THE PLEADINGS**<br><br>[Doc. Nos. 290, 291, 292, 293, 297.] |

| | |
|---|---|
| FASTVDO LLC,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>LG ELECTRONICS MOBILECOMM U.S.A., INC.,<br><br>　　　　　　　　　　Defendant. | Case No.: 3:16-cv-02499-H-WVG<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>[Doc. No. 35.] |

On October 17, 2019, October 18, 2019, October 25, 2019, October 30, 2019, and November 18, 2019, respectively, Defendants Apple Inc., LG,[1] Samsung,[2] ZTE (USA), Inc., and Huawei[3] each filed a motion for judgment on the pleadings. (Doc. Nos. 290, 291, 292, 293, 297.)[4] On October 18, 2019, Defendant LG Electronics Mobilecomm U.S.A., Inc. filed a motion for judgment on the pleadings in the related case. (16-cv-2499-Doc. No. 35.) On November 13 and 21, 2019, the Court took the matters under submission. (Doc. Nos. 296, 300.) On November 18, 2019, FastVDO filed a response to Defendants' motions for judgment on the pleadings. (Doc. No. 295; 16-cv-2499-Doc. No. 38.) Apple, LG, ZTE, and Huawei filed replies. (Doc. Nos. 299, 301, 302, 303; 16-cv-2499-Doc. No. 39.) For the reasons below, the Court grants Defendants' motions for judgment on the pleadings.

---

[1] Defendant "LG" refers to LG Electronics, Inc. and LG Electronics U.S.A., Inc.

[2] Defendant "Samsung" refers to Samsung Electronics America, Inc. and Samsung Electronics Co., Ltd.

[3] Defendant "Huawei" refers to Huawei Technologies Co., Ltd., Huawei Device Co., Ltd., Huawei Technologies USA, Inc., Huawei Device USA, Inc., and Futurewei Technologies, Inc.

[4] All docket citations in this order are to the docket in Case No. 16-cv-385 unless otherwise noted in the citation.

**Background**

On June 2, 2015, Plaintiff FastVDO LLC filed several complaints for patent infringement against Defendants Apple, LG, Samsung, ZTE, and Huawei, among others,[5] in the United States District Court for the Eastern District of Texas, alleging infringement of U.S. Patent No. 5,850,482. (Doc. No. 1, Compl.; 16-cv-386-Doc. No. 1, Compl.; 15-cv-394-Doc. No. 1, Compl.; 16-cv-395-Doc. No. 1, Compl.; 16-cv-396-Doc. No. 1, Compl.) Specifically, Plaintiff alleges that Defendants' smartphones infringe and induce infringement of the '482 patent. (See, e.g., Doc. No. 32, FAC ¶¶ 15–22.)

On September 28, 2015, Plaintiff filed an amended complaint against Defendants Apple and AT&T. (Doc. No. 32, FAC.) On January 29, 2016, the Eastern District of Texas court consolidated the actions for all pretrial issues, except venue. (Doc. No. 58.)

On February 11, 2016, the Eastern District of Texas court granted the parties' joint motion to transfer venue and transferred the consolidated action from the Eastern District of Texas to the Southern District of California. (Doc. Nos. 74, 75.) On April 5, 2016, the Court issued a scheduling order for the consolidated action. (Doc. No. 125.)

On June 16, 2016, Apple filed a petition for *inter partes* review with the Patent Trial and Appeal Board, challenging the validity of all of the asserted claims and other claims of the '482 patent on obviousness grounds. (Doc. No. 217-2, Cappella Decl. Ex. A.) On June 16, 2016, Microsoft and Samsung also filed a petition for IPR with the PTAB, challenging the validity of four of the six asserted claims and other claims of the '482 patent on obviousness grounds. (Id. Ex. B.)

On December 16, 2016, the PTAB granted Apple's petition and instituted IPR2016-

---

[5] On September 9, 2015, the Eastern District of Texas district court dismissed Defendant Dell, Inc. without prejudice. (16-cv-395-Doc. No. 31.) On April 29, 2016, the Court dismissed Defendants NEC Corporation and NEC Corporation of America with prejudice. (Doc. No. 132.) On October 21, 2016, the Court dismissed Defendants AT&T Mobility LLC and AT&T Services, Inc. without prejudice. (Doc. No. 199.) On January 6, 2017, the Court dismissed Defendant Microsoft Mobile Inc. with prejudice. (Doc. No. 235.) Apple, Samsung, LG, Huawei, and ZTE remain as the current defendants in Consolidated Case No. 16-cv-385.

01203, and the PTAB granted Microsoft and Samsung's petition and instituted IPR2016-01179. (Doc. No. 217-2, Cappella Decl. Exs. C, D.) On January 23, 2017, the Court granted Defendants' motions to stay and stayed the present actions – Case Nos. 16-cv-385, 16-cv-386, 16-cv-394, 16-cv-395, 16-cv-396, and 16-cv-2499 – pending the IPR proceedings. (Doc. No. 269.)

On December 11, 2017, the PTAB issued a final written decision pursuant to 35 U.S.C. § 318(a) in IPR 2016-01203, ordering that claims 1-3, 5, 7-10, 12-14, 16, 22-25, 28, and 29 of the '482 patent are unpatentable under 35 U.S.C. § 103. (Doc. No. 281-2, Ex. 2 at 58.) On December 11, 2017, the PTAB also issued a final written decision pursuant to 35 U.S.C. § 318(a) in IPR 2016-01179, ordering that claims 1-3, 5, 6, 12-14, 16, 17, and 28 of the '482 patent are unpatentable under 35 U.S.C. § 103. (Doc. No. 281-1, Ex. 1 at 40-41.) As a result of the PTAB's final written decisions, all of the claims asserted in this litigation against all of the Defendants, *i.e.*, claims 1, 12, 14, 17, 22, 28, and 29, were found to be unpatentable. (Doc. No. 281 at 1.) In light of this, on January 16, 2018, the Court administratively closed the consolidated case, the member cases, and the related case. (Doc. No. 287.)

FastVDO subsequently appealed the PTAB's final written decisions in IPR 2016-01179 and IPR 2016-01203 to the Federal Circuit. On September 25, 2018, the Federal Circuit issued a mandate dismissing FastVDO's appeal of IPR2016-01179 pursuant to Federal Rule of Appellate Procedure 42(b). <u>FastVDO LLC v. Samsung Elecs. America, Inc.</u>, Case No. 18-1547, Docket No. 47 (Fed. Cir. Sept. 25, 2018). On September 30, 2019, the Federal Circuit issued a mandate dismissing FastVDO's appeal of IPR2016-01203 pursuant to Federal Rule of Appellate Procedure 42(b). <u>FastVDO LLC v. Apple Inc.</u>, Case No. 18-1548, Docket No. 47 (Fed. Cir. Sept. 30, 2019). By the present motions, Defendants Apple, Samsung, ZTE, Huawei, LG, and LG Electronics Mobilecomm move pursuant to Federal Rule of Civil Procedure 12(c) for judgment on the pleadings, arguing that FastVDO's claims for patent infringement should be dismissed as moot. (Doc. No. 290-1 at 1-2; Doc. No. 291-1 at 1-2; Doc. No. 292-1 at 1-2; Doc. No. 293-1 at 1-2; Doc.

No. 297-1 at 1-2; 16-cv-2499-Doc. No. 35-1 at 1-2.)

## Discussion

### I. Legal Standards for a Rule 12(c) Motion for Judgment on the Pleadings

In patent cases, a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is governed by the "the procedural law of the regional circuit." Amdocs (Israel) Ltd. v. Openet Telecom, Inc., 841 F.3d 1288, 1293 (Fed. Cir. 2016). Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "'Judgment on the pleadings is properly granted when[, accepting all factual allegations in the complaint as true,] there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law.'" Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012). The Ninth Circuit has explained that the standard for deciding a Rule 12(c) motion "is 'functionally identical'" to the standard for deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 n.4 (9th Cir. 2011) (quoting Dworkin v. Hustler Magazine Inc., 867 F.2d 1188, 1192 (9th Cir. 1989)); accord Chavez, 683 F.3d at 1108.

A complaint will survive a Rule 12(b)(6) motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557). Accordingly, dismissal for failure to state a claim is proper where the claim "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

In reviewing a Rule 12(b)(6) motion to dismiss, a district court must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the plaintiff. See Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 945 (9th Cir. 2014). But, a court need not accept "legal conclusions" as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In addition, "[a]lthough the complaint's factual allegations generally must be treated as true in evaluating a motion for judgment on the pleading, courts may consider documents incorporated into the complaint by reference, and matters properly subject to judicial notice." Lee v. City of San Diego, No. 18CV0159 W (BLM), 2019 WL 117775, at *3 (S.D. Cal. Jan. 7, 2019) (citing Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)); see Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 998 (9th Cir. 2018); Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010).

## II. Analysis

Defendants Apple, Samsung, ZTE, Huawei, LG, and LG Electronics Mobilecomm argue that FastVDO's claims for patent infringement against them should be dismissed as moot. (Doc. No. 290-1 at 1-2; Doc. No. 291-1 at 1-2; Doc. No. 292-1 at 1-2; Doc. No. 293-1 at 1-2; Doc. No. 297-1 at 1-2; 16-cv-2499-Doc. No. 35-1 at 1-2.) In each of the operative complaints, Plaintiff FastVDO alleged a single cause of action for infringement of the '482 patent against Defendants Apple, Samsung, ZTE, Huawei, LG, and LG Electronics Mobilecomm, respectively. (Doc. No. 32, FAC ¶¶ 14-22; 16-cv-386-Doc. No. 1, Compl. ¶¶ 12-19; 15-cv-394-Doc. No. 1, Compl. ¶¶ 12-18; 16-cv-395-Doc. No. 1, Compl. ¶¶ 14-23; 16-cv-396-Doc. No. 1, Compl. ¶¶ 16-23; 16-cv-2499-Doc. No. 1, Compl. ¶¶ 12-19.) On December 11, 2017, the PTAB issued two final written decision pursuant to 35 U.S.C. § 318(a) in the IPR proceedings, finding all of the asserted claims of the '482 patent to be unpatentable. (Doc. No. 281-1, Ex. 1; Doc. No. 281-2, Ex. 2; see Doc. No. 281 at 2.) FastVDO appealed the PTAB's decisions to the Federal Circuit, but the Federal Circuit subsequently dismissed those appeals pursuant to Federal Rule of Appellate Procedure 42(b). See FastVDO LLC v. Apple Inc., Case No. 18-1548, Docket No. 47 (Fed.

Cir. Sept. 30, 2019); FastVDO LLC v. Samsung Elecs. America, Inc., Case No. 18-1547, Docket No. 47 (Fed. Cir. Sept. 25, 2018).

Because the PTAB found the asserted claims of the '482 patent to be unpatentable, and FastVDO's appeals of the PTAB's decisions have been dismissed by the Federal Circuit, FastVDO's claims for infringement of the '482 patent are moot. See B.E. Tech., L.L.C. v. Facebook, Inc., 940 F.3d 675, 679 (Fed. Cir. 2019) ("The PTO instituted review of the asserted claims and found them unpatentable. We affirmed the Board's decision, and the claims were cancelled. Facebook moved for judgment that the case be dismissed on the pleadings, and, citing Fresenius, the district court appropriately did so on the ground of mootness."); Fresenius USA, Inc. v. Baxter Int'l, Inc., 721 F.3d 1330, 1347 (Fed. Cir. 2013) ("In light of the cancellation of Baxter's remaining claims, Baxter no longer has a viable cause of action against Fresenius. Therefore, the pending litigation is moot."); see also Commil USA, LLC v. Cisco Sys., Inc., 135 S. Ct. 1920, 1929 (2015) ("To say that an invalid patent cannot be infringed, or that someone cannot be induced to infringe an invalid patent, is in one sense a simple truth, both as a matter of logic and semantics."); Exergen Corp. v. Wal-Mart Stores, Inc., 575 F.3d 1312, 1320 (Fed. Cir. 2009) ("[B]ecause 'invalid claim[s] cannot give rise to liability for infringement,' SAAT cannot be liable for infringement of this patent." (citation omitted)). Indeed, in its response, FastVDO concedes that these cases should be dismissed with prejudice. (Doc. No. 295 at 1; 16-cv-2499-Doc. No. 38 at 1.) Indeed, in its response to Defendants' motions, Plaintiff FastVDO concedes that the cases should be dismissed. As a result, the Court grants Defendants' motions for judgment on the pleadings, and the Court dismisses FastVDO's claims for patent infringement as moot. See B.E. Tech., 940 F.3d at 679.

///
///
///

## **Conclusion**

For the reasons above, the Court grants Defendants Apple, Samsung, ZTE, Huawei, LG, and LG Electronics Mobilecomm's motions for judgment on the pleadings, and the Court dismisses FastVDO's claims for patent infringement as moot. The Court directs the clerk to enter judgment in favor of Defendant(s) and against Plaintiff FastVDO in Case Nos. 16-cv-385, 16-cv-386, 16-cv-394, 16-cv-395, 16-cv-396, and 16-cv-2499.[6,7]

**IT IS SO ORDERED.**

DATED: December 13, 2019

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

---

[6] The parties should note that Case Nos. 16-cv-385, 16-cv-386, 16-cv-394, 16-cv-395, and 16-cv-396 were consolidated for pretrial purposes only. (See Doc. No. 58.) Now that the Court has granted Defendants' motions for judgment on the pleadings, and the Court will subsequently enter judgment in each of the actions, any future filings should be made only in the specific case at issue.

[7] In their reply briefs, Defendants ZTE and Huawei raise arguments regarding the specific resolution of their counterclaims. (Doc. No. 302 at 2-3; Doc. No. 303 at 2-3.) The Court declines to address this issue raised for the first time in a reply brief. In their original motions, the specific relief both ZTE and Huawei requested was "that the Court enter a judgment dismissing FastVDO's claims as moot." (Doc. No. 292-1 at 2; Doc. No. 297-1 at 2.) The Court has done so.